IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| COVENANT INVESTMENT FUND, LP; PROSAPIA CAPITAL MANAGEMENT, LLC; ALAN LUCAS; GARY MCCOOL; ROGER LIEBING; PHALANX TECHNOLOGY HOLDINGS, LLC; and ASHERLEE MANAGEMENT SERVICES, LLC, | ) ) ) ) ) ) ) ) | No. 4:16-cv-00419-SMR |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| ROBERT SAND; KEVIN CMELIK; TOM H. MILLER; TOM J. MILLER; DANIEL R. BURSTEIN; MICHAEL FERJAK; KERRY BOLT; DARREL SIMMONS; and LINN COUNTY CLERK OF COURT, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

In July 2016, seven plaintiffs brought this civil case under 42 U.S.C. § 1983 and as a derivative suit under Federal Rule of Civil Procedure 23.1. Plaintiffs sought relief for the allegedly wrongful arrest and conviction of Plaintiff Alan L. Lucas, and the subsequent loss of cash assets and personal property seized as part of that conviction. The Court denied the motion to recuse and dismissed the case on August 8, 2016. *See* Order, ECF No. 8. Plaintiffs did not appeal.

Two plaintiffs, Alan Lucas and Gary McCool, now bring this Motion to Set Aside and Vacate Final Judgment under Federal Rule of Civil Procedure 60(b). Motion, ECF No. 11. They also request leave to amend. *Id.* Plaintiffs are essentially renewing their argument that the undersigned was required to recuse herself from participating in this case. Specifically, Plaintiffs assert that because the undersigned was previously employed as the United States Attorney in Cedar

Rapids, Iowa, she would automatically be biased against Plaintiffs and in favor of state court officials employed by Linn County.  Cedar Rapids is located in Linn County, Iowa. Plaintiffs allege the undersigned had contacts with former and current Linn County judges "and past duties at the US Attorney's office should axiomatically disqualify her from serving in judicial capacity over this case."  Motion at 4, ECF No. 11.  Plaintiffs also state that as U.S. Attorney, her office had communications with the Iowa Attorney General's Office regarding prosecution of an unidentified former general partner and one of the corporate plaintiffs.  *Id.* at 10.

> As stated previously, recusal is required if a judge's
>
> "impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise."

*United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (additional citations omitted).  Just as a judge should recuse if there is an obligation to do so, neither should a judge recuse without cause to do so.  *See Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (citing cases for obligation to remain in case if recusal is not warranted).

The undersigned does not deny having professional associations with members of the Linn County Bench and Bar.  Nonetheless, Plaintiffs have failed to demonstrate that any of these associations create any personal bias or prejudice concerning this case.  Moreover, Plaintiffs have not made any showing that the office of the United States Attorney for the Northern District of Iowa had any information about the state case at the time the undersigned was in office there.

No basis exists to justify recusal by the undersigned in this case.  **The motion for relief from a judgment or order/motion to amend (ECF No. 11) is denied.**

**IT IS SO ORDERED**.

Dated this 31st day of July, 2017.

_____
STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE